```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Glenda Castleberry and
Leah Boyd

    v.                                     Civil No. 17-cv-146-JL
                                          Opinion No. 2017 DNH 240
Wells Fargo Home Mortgage


**SUMMARY ORDER**

In this mortgage-based action, plaintiffs Glenda Castleberry and Leah Boyd, proceeding pro se, again[1] seek to enjoin the foreclosure on property in Somersworth, New Hampshire. They sued the mortgage-holder and servicer of the mortgage secured by that property, Wells Fargo Bank, N.A.,[2] in Strafford County Superior Court. Wells Fargo removed the action to this court, see 28 U.S.C. § 1441, which has jurisdiction under 28 U.S.C. § 1332 (diversity).

The court draws the following facts from the complaint and from documents sufficiently referenced therein, construing them in the plaintiffs' favor. See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010) (The court must "accept as true all

---

[1] See Boyd v. Wells Fargo Bank, N.A., 2016 DNH 156 (dismissing Boyd's complaint for failure to state a claim for relief against Wells Fargo).

[2] Plaintiffs named the defendant as Wells Fargo Bank Home Mortgage on the complaint.

well-pleaded facts in the complaint and make all reasonable inferences in plaintiff's favor."); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice."). It also draws on the facts set forth in its order dismissing an action filed by Boyd in 2016 to prevent foreclosure on the same property. Boyd, 2016 DNH 156, 1-3.

Castleberry purchased a four-unit house in Somersworth in August, 2009. Boyd, 2016 DNH 156, 2. Castleberry took out the mortgage and signed the accompanying note. Id. After the mortgage and the warranty deed conveying the property to her were recorded with the Strafford County Registry of Deeds, Castleberry conveyed the property to herself and Boyd, her daughter, through a warranty deed. Id. Boyd resided in one of the property's units; Castleberry rented out the other three units. Id.

At some point prior to Boyd's 2016 action, some of those tenants stopped paying rent and, lacking funds to make mortgage payments, Castleberry defaulted.³ Wells Fargo initiated

---

³ Compl. (doc. no. 1-1) at 3. In the complaint, the plaintiffs allege that "[they] got behind on the mortgage," not Castleberry alone. The court credits the complaints' account, understanding that, though Castleberry alone signed the note and mortgage,

2

foreclosure proceedings.  Boyd filed that action seeking to quiet title and to enjoin the foreclosure sale so that she could obtain rent withheld by the tenants, which she would use to make mortgage payments.  Id. at 4.  Concluding that Boyd may have lacked standing to challenge the foreclosure's validity as a non-party to the mortgage agreement, see Fed. R. Civ. P. 12(b)(1), and that, in any event, she failed to state a claim upon which it could grant relief, see id. 12(b)(6), the court granted Wells Fargo's motion to dismiss that action.  Boyd, 2016 DNH 156, 4-7.

Eight months later, Boyd and Castleberry together filed this action seeking to enjoin Wells Fargo's renewed foreclosure proceedings.  Plaintiffs allege that, due to the tenants' nonpayment, Castleberry fell behind on the mortgage.[4]  After the court dismissed Boyd's previous action, they contacted the defendant in an effort to obtain a loan modification.[5]  They allege that they "have not been given enough time to do the loan modification," that Wells Fargo "keep[s] switching [them] around and saying [it is] doing something but [Castleberry and Boyd]

---

Boyd also made mortgage payments on her behalf.  The plaintiffs remain vague about when she began falling behind on payments.

[4] Compl. (doc. no. 1-1) at 3.  They do not allege that they cured the default giving rise to Boyd's 2016 action.

[5] Id. at 1, 4-5.

3

just get the runaround when [they] ask for answers," and that "the only reason [the loan modification] has not gone through is because [Wells Fargo] keep[s] telling [them] they need more documents or something else."[6] Much as Boyd did through her last action, they seek an injunction preventing Wells Fargo from foreclosing so that they have time to: (1) evict non-paying tenants and/or get their tenants to pay rent, (2) obtain Social Security Income benefits for Boyd, and (3) "have a judge decide who really even owns the home"[7] in light of the post-mortgage warranty deed conveying the property to both Castleberry and Boyd.

Wells Fargo removed the case to this court and now moves to dismiss the complaint, arguing that the plaintiffs fail to state a cognizable claim for relief. See Fed. R. Civ. P. 12(b)(6). Boyd filed a brief objection,[8] to the effect that she could "prove property rights are that of Leah Boyd's," but that she "need[s] Wells Fargo to speak and cooperate with [her] to

---

[6] Id. at 3-5.

[7] Id. at 5.

[8] The court attempted to contact the plaintiffs some six weeks after the objection deadline passed without any filing on their part. It then sua sponte extended that deadline three months after it passed. Plaintiffs filed their objection within the extended deadline.

4

resolve this matter . . . ."⁹  The court held oral argument on Wells Fargo's motion on October 26, 2017 and afforded the plaintiffs an opportunity to articulate any further objections at that time.

The court may dismiss a complaint under Rule 12(b)(6) if the plaintiffs have not alleged facts sufficient to "state a claim to relief" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Even construing the plaintiffs' pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court concludes that they have not done so here.

Reading their complaint generously, the plaintiffs attempt to bring a claim for breach of the covenant of good faith and fair dealing.  That is, they allege that they have sought a loan modification and that Wells Fargo is failing to cooperate in the loan modification process.  But the plaintiffs allege that Castleberry defaulted on the loan.¹⁰  And "New Hampshire imposes no duty to forebear from foreclosure in the face of default." Frangos v. Bank of Am., N.A., No. 13-CV-472-PB, 2014 WL 3699490,

---

⁹ Document no. 5.

¹⁰ Compl. (doc. no. 1-1) at 3.

5

at *4 (D.N.H. July 24, 2014). As this court has explained faced with similar allegations, "the covenant of good faith and fair dealing in a loan agreement cannot be used to require the lender to modify or restructure the loan." Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 130 (D.N.H. 2012). Though the plaintiffs' frustration at their perceived inability to obtain a direct answer or consistent information from the defendant concerning its willingness to modify the loan is understandable,[11] the plaintiffs have not, therefore, stated a claim for relief through those allegations.

As this court has previously noted, Boyd's attempt to establish her ownership of the property "may amount to a petition to quiet title to the property." Boyd, 2016 DNH 156, 5. Through such an action, a plaintiff "essentially seeks a declaratory judgment from the court regarding the parties' land interests." Porter v. Coco, 154 N.H. 353, 357 (2006). The plaintiffs raise an identical issue in this action, alleging that "it's not clear if [Boyd] in fact has the right to take the house free of Wells Fargo because they put her on the deed not the mortgage," as a result of which they "need time to go to

---

[11] The plaintiffs allege that they sought a loan modification, were told that they needed to submit more documentation, were led to understand that their modification may be approved, and then suddenly faced a notice of foreclosure. Compl. (doc. no. 1-1) at 3-5.

6

court to have a judge decide who really even owns the home."[12] As the court previously explained, "[w]hile the deed conveying the property to Castleberry and Boyd may well give Boyd an interest in the property, any such interest was subject to the pre-existing mortgage and its conditions, which included the possibility of foreclosure in the event of default." Boyd, 2016 DNH 156, 5 (citing Cadle Co. v. Bourgeois, 149 N.H. 410 (2003)). Boyd has not, therefore, alleged facts that would allow the court to draw a reasonable inference that she is entitled to quiet title to the property.[13]

---

[12] Compl. (doc. no. 1-1) at 5. Boyd elaborated on her position at oral argument, explaining that she recalled signing the warranty deed conveying the property to herself and Castleberry on the same day that Castleberry closed on the property and signed the note and mortgage. Some failure to record the documents with the Registry of Deeds or the order in which the documents were recorded, she argued, was prejudicial to her interest in the property.

The public records available from the Registry of Deeds, which were referenced in the complaint and which are "fair game in adjudicating a Rule 12(b)(6) motion," In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003), suggest instead that Castleberry executed the note and mortgage on August 7, 2009, and signed the warranty deed conveying the property to herself and Boyd on September 29, 2009, subjecting it to the mortgage.

[13] Indeed, as the court observed in its previous order, the alleged facts -- functionally identical to those alleged here, on this point -- and those extricable from public records and documents referenced in the complaint establish the contrary. Boyd, 2016 DNH 156, 5-6.

At oral argument, Boyd argued, for the first time, that her tenants stopped paying their rent after receiving notices of the impending foreclosure from Wells Fargo.  She alleged that Wells Fargo either wrongfully informed her tenants that they no longer needed to pay rent to her because the house no longer belonged to Boyd or, alternatively, that Wells Fargo wrongfully failed to tell her tenants that, despite the impending foreclosure, they <u>must</u> continue paying their rent.  The court afforded Boyd an opportunity to substantiate this new allegation of tortious interference with contract by providing copies of the letters she claimed her tenants received from Wells Fargo in a supplemental objection to Wells Fargo's motion to dismiss.  The deadline for supplementation passed on November 2, 2017 without any such filing, and none has been received as of the date of this order.[14]

Because the plaintiffs have failed to state a claim upon which relief can be granted, the court GRANTS the defendant's motion to dismiss the complaint.[15]  The clerk shall enter judgment accordingly and close the case.

---

[14] Not least because Boyd failed to supplement her allegations, the court need not -- and therefore does not -- address the merits of any such claim.

[15] Document no. 4.

**SO ORDERED.**

_/s/ Joseph N. Laplante_
Joseph N. Laplante
United States District Judge

Dated:  November 20, 2017

cc:  Glenda Castleberry, pro se
     Leah Boyd, pro se
     David D. Christensen, Esq.
     Timothy Ryan Demarco, Esq.